76 F.3d 385
 1996-1 Trade Cases P 71,297
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL TRADE COMMISSION, Plaintiff-Appellee,
v.
TINY DOUBLES INTERNATIONAL, INC. and American Mobile Phone
Systems, Inc., Defendants,
and
Morris Samuel Friedman, Defendant-Appellant.
 No. 94-15752.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Jan. 18, 1996.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,** Senior District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 Morris Samuel Friedman appeals pro se the district court's (1) order granting in part the plaintiff Federal Trade Commission's ("FTC") motion for summary judgment, holding that Friedman violated the FTC's Franchise Rule, 16 C.F.R. Part 436; (2) denial of his cross motion for summary judgment; (3) entry of a permanent injunction; and (4) entry of a judgment for $798,065.26 for consumer redress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Friedman was president of defendants Tiny Doubles International, Inc. and American Mobile Phone Systems, Inc., neither of which appealed. Friedman sold business opportunities for Tiny Doubles studios, which made small photographic statues of people. As the primary negotiator with the prospective buyers, Friedman did not comply with the Franchise Rule's disclosure requirements and expressly told the prospective buyers that Tiny Doubles was not a franchise. Many of the studios closed for financial reasons.
 
 
 5
 Friedman's sole defense to the FTC's complaint alleging violations of the Franchise Rule was that Tiny Doubles studios were not franchises. The district court found otherwise and, after a review of the record, we agree. There is no genuine issue of material fact that Tiny Doubles studios fall within the definition of a franchise as defined in 16 C.F.R. § 436.2(a). The district court appropriately granted in part the FTC's motion for summary judgment on the liability issue, denied Friedman's cross motion for summary judgment, and entered a permanent injunction.
 
 
 6
 After the district court denied the FTC's motion for summary judgment concerning consumer redress, the FTC filed a second motion, with the additional documentation the court required, requesting $891,304.26 in consumer redress, as allowed under the FTC Act § 19(b), 15 U.S.C. § 57b(b). In response, Friedman filed an unsworn accountant's statement noting several objections to the claims. The FTC agreed with one objection concerning depreciation and amortization and reduced its request to $798.065.26. There is no evidence in the record to support the accountant's contentions concerning unpaid amounts the owners owed to Friedman and rent Friedman paid on behalf of the owners.
 
 
 7
 The accountant also contended that Friedman should not have to reimburse the owners for an amount equal to the subsequent savings in their personal income tax after the losses for the Subchapter S corporations, the organizational form used by the Tiny Doubles studios, flowed through to their individual tax returns. In Randall v. Loftsgaarden, 478 U.S. 647 (1986), the Court held that parties liable under § 12(2) of the Securities Act of 1933 and § 10(b) of the Securities Exchange Act of 1934 for fraudulently misrepresenting a securities offering were not entitled to a set-off against the rescissory recoveries for tax benefits received by the defrauded investors. Although the Court based its holding on an analysis of the language in the securities acts, it also noted that common law required a party seeking rescission to credit the amount sought with any gains received as a direct product of the property acquired under the rescinded transaction. Because tax benefits are not realized unless they can be combined with income, the Court held that tax benefits are not a direct product of the security and, thus, do not need to be credited. Id. at 658-59.
 
 
 8
 The Randall "direct product" analysis applies equally well to Friedman's tax benefit argument under the FTC Act. The district court's decision on the amount of consumer redress was appropriate.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Owen M. Panner, Senior United States District Judge, for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3